# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

MICHAEL WAYNE HINKSTON                                   PETITIONER
ADC #113148

V.                             NO. 5:16cv00077-SWW-JTR

WENDY KELLEY, Director,                                  RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Proposed Findings and Recommended Disposition ("Recommendation") have been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Petitioner, Michael Wayne Hinkston ("Hinkston"), an Arkansas Department of Correction inmate, has filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, and a Motion for Leave to Proceed *In Forma Pauperis*. *Docs. 1 & 3.* In his

Petition, he raises various habeas claims challenging his 1998 convictions, in Crawford County Circuit Court, for capital murder and theft of property.[1]

On August 7, 2000, Hinkston filed a § 2254 habeas action in the Eastern District of Arkansas, challenging the same convictions. *Hinkston v. Norris*, E.D. Ark. No. 5:00cv00296-SWW. On December 20, 2000, United States District Judge Susan Webber Wright dismissed that case, with prejudice. *Id. at docs. 10 & 11*. Hinkston did not appeal the denial of habeas relief.

On August 24, 2001, Hinkston filed a second § 2254 habeas action, in the Western District of Arkansas, which was dismissed as a successive § 2254 petition filed without receiving the required authorization from the Eighth Circuit Court of Appeals. *Hinkston v. Norris*, No. 2:01cv02212-RTD (W.D. Ark. Oct. 5, 2001). Hinkston did not appeal.

According to the Eighth Circuit's records, that Court has twice denied Hinkston's petitions for authorization to file a successive § 2254 petition. *Hinkston v. Hobbs*, No. 13-2705 (8th Cir. Oct. 17, 2013); *Hinkston v. Hobbs*, No. 13-3355 (8th Cir. Mar. 6, 2014).

On March 11, 2016, Hinkston initiated the current habeas action. For the

---

[1] Hinkston was sentenced to life imprisonment without parole, plus twenty years. On March 2, 2000, the Arkansas Supreme Court affirmed his convictions and sentences. *Hinkston v. State*, 10 S.W.3d 906 (Ark. 2000).

reasons discussed below, the Court recommends that this action be dismissed sua sponte because Hinkston has not obtained permission from the Eighth Circuit Court of Appeals to file a successive habeas action. *See* Rule 4, Rules Governing § 2254 Cases in United States District Courts.

## II. Discussion

This is another successive § 2254 habeas action challenging Hinkston's 1998 state convictions. Only the Eighth Circuit Court of Appeals has the authority to grant permission to file such a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until Hinkston obtains the required authorization from the Eighth Circuit, this Court lacks jurisdiction to proceed.[2] *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Hinkston's Motion for Leave to Proceed *In Forma Pauperis*, *Doc. 1*, be

---

[2]In his Motion for Leave to File Habeas Corpus Petition, *Doc. 2*, Hinkston presents various arguments why he believes he meets the substantive requirements of § 2244(b) for proceeding with a successive habeas action. Those arguments should be directed to the Eighth Circuit Court of Appeals, not this Court.

3

GRANTED;

2.      This 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 3*, be

DISMISSED, WITHOUT PREJUDICE, so that Hinkston may seek authorization

from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to

file a successive habeas petition;

3.      A Certificate of Appealability be DENIED, *see* 28 U.S.C. §

2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District

Courts; and

4.      All pending motions be DENIED.[3]

DATED this 16th day of March, 2016.


_____
UNITED STATES MAGISTRATE JUDGE

---

[3]Hinkston's Motion for Leave to File Habeas Corpus Petition (*Doc. 2*), and Motion for Appointment of Counsel (*Doc. 4*).

4